**Nana STEIN, Appellant,**

v.

**John STEIN, Administrator for Estate of John A. Stein, Respondent.**

**No. WD 32579.**

Missouri Court of Appeals,
Western District.

Oct. 26, 1982.

James B. Deutsch, Dowell, McNearney & Calton, Kansas City, for appellant.

Dennis S. Schwartz, Kansas City, for respondent.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Nana Stein sought to establish the fact that she was the surviving spouse of John A. Stein and filed applications for allowances. After an evidentiary hearing, the court found that Nana Stein and John A. Stein were not married and denied her applications. On this appeal Nana contends the evidence was sufficient to show that she and John became husband and wife by virtue of a common law marriage consummated while they were on a bus tour of the East and while they were in Pennsylvania. Affirmed.

The facts are not in dispute. About September, 1978, Nana started living with John in his apartment near the Blue Ridge Mall in Kansas City. They had met while Nana was a waitress in a restaurant in the Mall. In April, 1979, Nana and John took a bus tour, with other senior citizens, of the East. This tour lasted about three weeks and went through several states, including Pennsylvania. Nana's contention was that she and John exchanged rings and marriage vows in Philadelphia on one night. Nana was prevented from testifying to this directly because of objections based on the Deadman's Statute, but evidence from other witnesses would lead to the inference that this was Nana's contention. In any event, it is undisputed that Nana and John held themselves out as husband and wife, both before and after the tour, and lived together in John's apartment for about fifteen months.

It is further undisputed that John and Nana were residents of Missouri and were domiciled in this state during the entire time that they lived together. Their only absences were temporary while on the bus tour and for other trips for short visits with relatives of both.

The resolution of this case is greatly simplified by the decision of the Southern District in *Hesington v. Hesington*, 640 S.W.2d 824 (1982). *Hesington* held, in a well reasoned opinion by Maus, C.J., that Missouri will not recognize a marriage in a common law form between Missouri residents even though the marriage is alleged to have occurred in a state which recognizes common law marriage. The basis of that decision is § 451.040.5, RSMo 1978, which declares that common law marriages hereafter contracted shall be null and void. *Hesington* held that to forbid common law marriage in this state but recognize a strictly common law marriage of

residents of this state on a sojourn in a common law state would defeat the very purpose of the statute. In *Hesington*, Missouri residents went into Oklahoma, which does recognize common law marriage, and purported to exchange marriage vows. They thereafter held themselves out as husband and wife, but all the time they were domiciled in Missouri and actually resided in this state. The court held that the recognition of such a marriage would violate the public policy of this state as expressed in § 451.040.5 when it involves Missouri residents, even though the circumstances of such marriage occurs in a state recognizing common law marriage.

The facts in this case are almost identical to those in *Hesington*. Here the parties were residents of Missouri and they were on a sojourn in Pennsylvania, which does recognize common law marriage. Nana contends the exchange of marriage vows in Pennsylvania constituted a valid common law marriage under the laws of that state.

■ This court adopts the reasoning and conclusion of *Hesington* and therefore holds that it would violate the public policy of this state to recognize a common law marriage between the Steins under the facts in this case.

The judgment is affirmed.

All concur.